IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH LEANDER DICKSON, #1225734, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0161-D |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of Case: Petitioner pled guilty to possession with intent to deliver a controlled substance in the 195th District Court of Dallas County, Texas, in Cause No. F02-23804-N. (Petition (Pet.) at 2). Punishment was assessed at twenty-five years imprisonment. (*Id.*). On

January 5, 2005, the Fifth District Court of Appeals affirmed his conviction and sentence. *Dickson v. State*, No. 05-04-00416-CR (Tex. App. -- Dallas, 2005, no pet.).

On December 14, 2005, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. *Ex parte Dickson*, No. 64,139-01, at 2. On November 22, 2006, the Texas Court of Criminal Appeals (TCCA) denied the state habeas application without written order on the findings of the trial court after a hearing. *Id.*, Supp. Record, at cover.

In this federal petition, filed on January 24, 2007, Petitioner alleges his plea was unlawfully induced, and his trial counsel rendered ineffective assistance when he failed to advise him of the correct terms of the plea agreement, and failed to alert the trial court that the prosecutor failed to submit the plea agreement.[1]

Prior to issuing process, the Court ordered Petitioner to show cause with respect to the one-year statute of limitations. In his April 2, 2007 response, Petitioner alleged a state created impediment and requested equitable tolling. Thereafter the Court issued process and a show cause order on Respondent. In response, Respondent filed an answer seeking dismissal of the petition as time barred and, alternatively, denial on the merits.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an

---

[1] For purposes of this recommendation, the petition is deemed filed on January 19, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

In response to the Court's limitations show cause order, Petitioner claimed that a state action impeded his ability to timely file his federal petition. Specifically he alleges that when he was transferred from the Dallas County Jail on November 17, 2006, following his state evidentiary hearing, back to TDCJ, his legal materials and personal property were not placed in the vehicle which returned him to the state institution. He further alleges that even after filing his § 2254 petition, his property was not returned. *See* Pet's response filed on April 2, 2007.

In order to invoke § 2244(d)(1)(B), *supra*, a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Assuming the truth of Petitioner's claim that his property was not returned along with him to TDCJ, the same is insufficient to invoke § 2244(d)(1)(B).

At most, it appears that Petitioner's separation from his property was due to oversight or negligence on the part of jail employees. Negligent conduct does not constitute an intentional violation of federally protected rights. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 664 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71 (1986). The requirements of § 2244(d)(1)(B) imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *Miles v. Dretke*, 2004 WL 827941, *3-4, NO. 3-03-

3

CV-2725-K (N.D.Tex., Apr. 15, 2004), findings and conclusions adopted, 2004 WL 1041635 (N.D.Tex. May 05, 2004) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."). Petitioner neither identifies what specific documents were lost or why their absence prevented him from filing a §2254 petition.[2]

Moreover, information provided by Petitioner forecloses any possibility that he was prevented from filing his federal petition within the one-year period. In his reply to Respondent's answer, filed on July 9, 2007, he concedes that his § 2254 petition was initially sent prior to the end of the one-year period to the wrong court and that it was returned to him with a cover letter from the state district clerk dated December 21, 2006.[3] Therefore, it is clear that any delay in filing the petition in this Court was due to Petitioner's misdirection rather than to any "state action." In light of the above, Petitioner cannot show that the Dallas County Jail's failure to return his legal papers amounted to a state created impediment, in violation of the United States Constitution, which prevented him from timely filing this federal petition. Therefore, the one-year statute of limitations is calculated from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* § 2244(d)(1)(A).

---

[2] Petitioner's grounds for relief were fully explored at his state evidentiary hearing on September 13, 2006. The pleading requirements of a § 2254 petition are minimal, *see* Rule 2(c), Rules Governing § 2254 cases, and blank § 2254 forms, approved by the Texas federal courts, are available at all TDCJ-CID Units. The federal form expressly states that law or cases are not to be cited.

[3] A comparison of Dickson's art. 11.07 application, No. WR-64,139-01, at 002-010, to his federal petition, readily explains the state district clerk's statement that his petition was being returned "due to unfamiliarity of this form."

Petitioner's conviction became final on February 4, 2005, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. As of December 14, 2005, the date on which Petitioner filed his art. 11.07 application, 313 days of the one-year limitation period had elapsed. The state application remained pending until it was denied on November 22, 2006, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on November 23, 2006, and expired 52 days later on January 14, 2007. Because that date fell on a Sunday and because Monday January 15, 2007, was a federal holiday (Dr. Martin Luther King Day), the limitations period was extended to Tuesday January 16, 2007. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)). The earliest possible date on which Petitioner can be deemed to have filed the federal petition in this case is January 19, 2007.[4] Therefore, his federal petition is clearly time barred absent equitable tolling.

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

---

[4]     *See* note 1, *supra*.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his art. 11.07 application by 313 days -- ten months and ten days -- after his conviction became final. Petitioner provides no explanation for this delay, which appears to have been of Petitioner's own making. *See Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), *findings adopted*, 2003 WL 21961502 (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4.

Following the denial of the state writ, Petitioner delayed an additional 58 days before submitting this petition for filing. While he claims deprivation of all legal papers following his return to TDCJ, and the need to reconstruct his legal documents, his allegations are conclusory and contradictory. As noted above, Petitioner provides no explanation for the fact that he was able to prepare his federal petition in December 2006 (inadvertently mailed to the state court) despite the absence of his legal papers. Nor does he explain why he delayed more than three weeks, following the return of his petition from the state clerk, before submitting his petition to this Court. Therefore, the unexplained delay of 58 days, following the denial of his state writ, also appears to have been of Petitioner's own making.

Unexplained delays do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Accordingly, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 27th day of August, 2007.

                                        WM. F. SANDERSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.